IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SUNDARI K. PRASAD,

    Plaintiff,

v.                                                        Civil Action No. **3:17CV498**

**JUDICIAL INQUIRY & REVIEW COMMISSION,**

    Defendant.

## MEMORANDUM OPINION

Plaintiff, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this civil action. In order to state a viable claim under *Bivens*,[1] a plaintiff must allege that a person acting under color of federal authority deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Williams v. Burgess*, No. 3:09cv115, 2010 WL 1957105, at *2 (E.D. Va. May 13, 2010) (citing *Goldstein v. Moatz*, 364 F.3d 205, 210 n.8 (4th Cir. 2004)). Courts must liberally construe *pro se* civil rights complaints in order to address constitutional deprivations. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Plaintiff's current allegations fail to provide the Defendant with fair notice of the facts and legal basis upon which its liability rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Moreover, it is unclear why Plaintiff

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

believes that Defendant, apparently a commission of the Commonwealth of Virginia, acted under color of *federal* authority.[2]

Accordingly, by Memorandum Order entered on December 11, 2017, the Court directed Plaintiff to submit a particularized complaint within fourteen (14) days of the date of entry thereof. The Court also explained that if Plaintiff instead desired to bring this action pursuant to 42 U.S.C. § 1983, she must clearly indicate that at the top of her particularized complaint. The Court warned Plaintiff that the failure to submit the particularized complaint would result in the dismissal of the action.

More than fourteen (14) days have elapsed since the entry of the December 11, 2017 Memorandum Order. Plaintiff failed to submit a particularized complaint or otherwise respond to the December 11, 2017 Memorandum Order. Accordingly, the action will be DISMISSED WITHOUT PREJUDICE.

An appropriate order will accompany this Memorandum Opinion.

/s/ MHL
M. Hannah Lauck
United States District Judge

Date: FEB 22 2018
Richmond, Virginia

---

[2] In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983).