IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SUNDARI K. PRASAD,

Plaintiff,

v.                                           Civil Action No. **3:17CV498**

**JUDICIAL INQUIRY & REVIEW COMMISSION,**

Defendant.

## MEMORANDUM OPINION

Sundari K. Prasad, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this civil action. By Memorandum Order entered on December 11, 2017, the Court directed Prasad to submit a particularized complaint within fourteen (14) days of the date of entry thereof. In that Memorandum Order, the Court explained as follows:

> In order to state a viable claim under *Bivens*,[1] a plaintiff must allege that a person acting under color of federal authority deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Williams v. Burgess*, No. 3:09cv115, 2010 WL 1957105, at *2 (E.D. Va. May 13, 2010) (citing *Goldstein v. Moatz*, 364 F.3d 205, 210 n.8 (4th Cir. 2004)). Courts must liberally construe *pro se* civil rights complaints in order to address constitutional deprivations. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Plaintiff's current allegations fail to provide the Defendant with fair notice of the facts and legal basis upon which its liability rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Moreover, it is unclear why Plaintiff believes that Defendant, apparently a commission of the Commonwealth of Virginia, acted under color of *federal* authority.[2]

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

[2] In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See*

(ECF No. 9, at 1–2.) The Court also explained that if Prasad instead desired to bring this action pursuant to 42 U.S.C. § 1983, she must clearly indicate that at the top of her particularized complaint. The Court warned Prasad that the failure to submit the particularized complaint would result in the dismissal of the action.

By Memorandum Opinion and Order entered on February 22, 2018, the Court dismissed the action without prejudice because more than fourteen (14) days had elapsed since the entry of the December 11, 2017 Memorandum Order and Prasad failed to submit a particularized complaint or otherwise respond. On March 2, 2018, the Court received a letter from Prasad indicating that she never received the December 11, 2017 Memorandum Order and asking for an extension of thirty days to file a particularized complaint. By Memorandum Order entered on March 15, 2018, the Court granted her request for an extension of time to the extent that Prasad was required to file a particularized complaint that comported with the directives therein within thirty (30) days of the date of entry hereof. The Court explained that if Prasad timely filed a particularized complaint, the Court would reinstate the action on the active docket.

The Court has received Prasad's Particularized Complaint. (ECF No. 14.)[3] Thus, the action will be reinstated on the active docket and the February 22, 2018, Memorandum Opinion and Order will be vacated. Nevertheless, because Prasad's claims lack merit, the Court will dismiss the action with prejudice.

---

*Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983).

[3] The Court also received Prasad's later request to "append" additional documents and add Judge Hutton as a Defendant. (ECF No. 15, at 1.) That request to "append" (ECF No. 15) will be DENIED as frivolous for the reasons stated in Part III.

2

I. PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41,

47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF PLAINTIFF'S ALLEGATIONS

After the Court's prior admonition, it appears that Prasad now brings her action pursuant to 42 U.S.C. § 1983 and not pursuant to *Bivens*. (*See* Part. Compl. 1, 3.) Prasad alleges that several Virginia state court judges violated her rights to equal protection and due process and "judges canons/code," in what appears to stem from civil cases in the Juvenile and Domestic Relations Court ("JD&R Court") and the Circuit Court ("Circuit Court") for the County of Chesterfield, Virginia. (*Id.* at 1–2.) Prasad names JD&R Court Judges Jayne Pemberton and TJ

4

Hauler, and Judge William Shaw, who appears to be a Circuit Court judge . (*Id.* at 2.)[4] Prasad demands damages "in no event less than 6 million dollars" and declaratory relief. (*Id.* at 18 (capitalization corrected). )

### III. ANALYSIS

Judges are absolutely immune from suits under § 1983 for acts committed within their judicial discretion. *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978). "Absolute judicial immunity exists 'because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.'" *Lesane v. Spencer*, No. 3:09CV012, 2009 WL 4730716, at *2 (E.D. Va. Dec. 8, 2009) (citations omitted) (quoting *McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972), *overruled on other grounds*, *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995)). A judge is entitled to immunity even if "the action he [or she] took was in error, was done maliciously, or was in excess of his [or her] authority" *Stump*, 435 U.S. at 356. This immunity extends to state magistrates in Virginia. *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (citation omitted) (noting that "[a]s judicial officers, magistrates are entitled to absolute immunity for acts performed in their judicial capacity"). Only two exceptions apply to judicial immunity: (1) nonjudicial actions; and (2) those actions "though judicial in nature, taken in complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (citations omitted). Neither exception applies in this instance.

Prasad alleges that Judges Pemberton and Hauler, who appear to have presided over Prasad's child custody dispute, wronged her in their actions and rulings and should have "stepped down." (Part. Compl. 2, 6.) Prasad faults Judge Shaw for dismissing her civil action

---

[4] Although Prasad begins the "Defendants" portion of her caption by listing "Judicial Inquiry [and] Review," that entity, to the extent it exists, is not named in the body of the Particularized Complaint, and does not appear to be a fourth defendant. (Part Compl. 1–2.)

5

against the Chesterfield County Police Department. (*Id.* at 2, 6.) Prasad fails to allege facts that plausibly suggest that the judges' actions amounted to nonjudicial actions or that they acted in the complete absence of all jurisdiction. *See Skillings v. Knott*, 251 F. Supp. 3d 998, 1000, 1002–03 (E.D. Va. Apr. 21, 2017) (explaining that judicial decisions and actions taken by judge in official capacity entitled him or her to immunity). Thus, Prasad's claims will be DISMISSED WITH PREJUDICE as frivolous and for failure to state a claim.

Moreover, Prasad appears to be displeased with the result of her state court proceedings and has filed this action, not in good faith to vindicate her legal rights, but instead, maliciously, to harass the jurists who presided over her civil actions. Accordingly, the Court also will DISMISS this action as malicious. *See Cain v. Virginia*, 982 F. Supp. 1132, 1136–38 (E.D. Va. 1997) (citations omitted) (observing that where "the tone of all the Plaintiff's allegations indicates that [she] is bringing [her] suit merely to satisfy [her] desire for vengeance against Defendants and not to rectify any wrong done to [her], then the suit is a MALICIOUS one" (quoting *Spencer v. Rhodes*, 656 F. Supp. 458, 463–64 (E.D.N.C. 1987))).

## IV. CONCLUSION

The February 22, 2018 Memorandum Opinion and Order (ECF Nos. 10, 11) will be VACATED and the action will be placed on the active docket. Nevertheless, Prasad's claims are DISMISSED WITH PREJUDICE as frivolous, malicious, and for failure to state a claim. Prasad's request to "append" certain documents and add Judge Hutton as a Defendant will be DENIED as frivolous. The action will be DISMISSED WITH PREJUDICE. The Clerk will be DIRECTED to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/
M. Hannah Lauck
United States District Judge

Date: APR 3 0 2018
Richmond, Virginia

7