IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**SUNDARI K. PRASAD,**

    Plaintiff,

v.                                                Civil Action No. **3:17CV498**

**JUDICIAL INQUIRY & REVIEW COMMISSION,**

    Defendant.

## MEMORANDUM OPINION

Sundari K. Prasad, a Virginia inmate proceeding *pro se*, filed this civil rights action. By Memorandum Opinion and Order entered on April 30, 2018, the Court dismissed the action as legally frivolous, malicious, and for failure to state claim. (*See* ECF Nos. 16, 17.) The matter is now before the Court on Prasad's "Motion to Rehear due to MHL's Recusal [and] Again Judging!!" that will be construed as a motion under Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion," ECF No. 20 (emphasis omitted)).[1] *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (stating that filings made within twenty-eight days after the entry of judgment are construed as Rule 59(e) motions (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978))).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or

---

[1] The Court employs the pagination assigned to Prasad's Rule 59(e) Motion by the CM/ECF docketing system.

(3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Prasad does not explicitly address any of the above recognized grounds for relief in her Rule 59(e) Motion. However, the Court construes Prasad to argue that the Court should grant her Rule 59(e) Motion "to correct a clear error of law or prevent manifest injustice." *Id.* (citations omitted). Prasad contends that, because the undersigned recused herself in one of Prasad's many civil actions filed in this Court, that she necessarily must recuse herself in this action. Prasad points to no persuasive authority that would support her position, and contrary to her suggestion, that is simply not required. The undersigned recused herself from presiding over the action, *Prasad v. State of Va.*, No. 3:17CV686 (E.D. Va.), ECF No. 16, because Prasad named the undersigned as a defendant in that particular action.

Moreover, the bar for recusal is high, as "courts have only granted recusal motions in cases involving particularly egregious conduct." *Belue v. Leventhal*, 640 F.3d 567, 573 (4th Cir. 2011). Contrary to Prasad's belief, unfavorable "judicial rulings alone almost never constitute a valid basis for bias" or a valid reason to demand recusal of a judge. *Litkey v. United States*, 510 U.S. 540, 555 (1994) (citation omitted). Prasad has not demonstrated that the undersigned harbors any bias against Prasad or any circumstance where the impartiality of the undersigned might reasonably be questioned. *See* 28 U.S.C. §§ 144,[2] 455.[3] The Court harbors no bias.

---

[2] The statute provides, in relevant part:

> Whenever a party to a proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him [or her] or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

2

Accordingly, the Court discerns no clear error of law or manifest injustice in the dismissal of Prasad's Complaint.

Prasad also contends that "[i]f you had looked at the Amended Complaint you would've seen ... that the Defendants changed to Robert Q. Harris and another Defendant. The Respondents to my letters - not the judges." (Rule 59(e) Mot. 3 (emphasis omitted).) In the caption of her Particularized Complaint, Prasad clearly lists "Judicial Inquiry [and] Review: Judge TJ Hauler[,] Judge Jayne Pemberton[,] Judge William Shaw." (ECF No. 14, at 1; *see also id.* at 2.) The Court then dismissed this action because judges are entitled to judicial immunity. (ECF No. 16, at 5–7.) Prasad fails to demonstrate any clear errors of law in the conclusions of

---

> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists . . . . A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

[3] The statute provides, in relevant part:

> **(a)** Any justice, judge, or magistrate judge of the United States shall disqualify himself [or herself] in any proceeding in which his [or her] impartiality might reasonably be questioned.
> **(b)** He [or she] shall also disqualify himself [or herself] in the following circumstances:
>> **(1)** Where he [or she] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . .

28 U.S.C. § 455.

the Court or that the dismissal of this action resulted in manifest injustice. Accordingly, Plaintiff's Rule 59(e) Motion (ECF No. 20) will be DENIED.

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Date: SEP 10 2018
Richmond, Virginia